IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEMSHARES LLC,              )
                            )
        Plaintiff,           )
                            )
    vs.                      )    Case No. 17 C 6221
                            )
ARTHUR JOSEPH LIPTON and    )
SECURED WORLDWIDE, LLC,     )
                            )
        Defendants.          )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

GemShares LLC, which is in the business of creating "diamond investment products," has sued Arthur Lipton and Secured Worldwide, LLC (SWW). GemShares was founded in 2008. In 2012, it filed an application for a U.S. patent, which was issued in April 2014. The patent, U.S. Patent No. 8,706,513 B2 (the 513 patent), is entitled "global investment grade for natural and synthetic gems used in financial investments and commercial trading and method of creating standardized baskets of gems to be used in financial and commercial products."

Lipton bought into GemShares as a one-fifth owner in 2013, while the patent application was pending. Lipton executed an operating agreement that included a term requiring him (and other GemShares members) to disclose and present to the company opportunities related to or likely to be competitive with GemShares' business.

GemShares alleges that in the fall of 2013, Lipton secretly started working on a business that GemShares says is competitive with its business. That entity became

SWW. According to GemShares, Lipton created SWW to commercialize products and services that infringe GemShares' patents. In February 2014, Lipton and two other men, Cormac Kinney and Jay Plourde, filed a patent application for "secure diamond smart cards and exchange systems therefor," which they assigned to SWW. They have offered for sale a product that allegedly is an embodiment of the SWW patent application and that allegedly competes with GemShares' business.

GemShares' amended complaint includes six claims against Lipton and SWW. Counts 1 and 2 are claims against Lipton and SWW for infringement of the 513 patent. Count 3 is entitled "declaration of patent ownership." GemShares alleges that Lipton was required by the GemShares operating agreement to assign his interest in the SWW patent application to GemShares and that SWW is Lipton's alter ego; GemShares requests an order requiring Lipton and SWW to assign their interest in the SWW application to GemShares. Count 4 is a claim alleging that Lipton breached the GemShares operating agreement; count 5 is a claim against Lipton for breach of his fiduciary duty to GemShares; and count 6 seeks imposition of a constructive trust.

Lipton and SWW have moved to dismiss counts 1, 2, and 3 under Federal Rule of Civil Procedure 12(b)(6). In deciding the motion, the Court takes the allegations in GemShares' amended complaint as true and assesses whether each of the contested counts "contain[s] allegations that plausibly suggest that [GemShares] has a right to relief, raising that possibility above a speculative level." *Hill v. Serv. Employees Int'l Union*, 850 F.3d 861, 863 (7th Cir. 2017).

1. Defendants' first argument is that claims 7 through 11 of the 513 patent cannot be asserted against them. They say that GemShares essentially conceded this
2

by its withdrawal (when it filed its amended complaint) of claims concerning another patent. This argument seemed to the Court to be misplaced on a motion to dismiss for failure to state a claim, but GemShares has not responded to the argument, so it is deemed to have conceded the point. GemShares may not maintain counts 1 or 2 to the extent they are premised on claims 7 through 11 of the 513 patent.

    2.    Defendants' second argument is that the remaining claims of the 513 patent—claims 1 through 6 and 12 through 20—are directed to patent-ineligible subject matter and should be declared invalid. GemShares argues that Lipton, and thus his alleged alter ego SWW, are estopped by Lipton's fiduciary duty to GemShares, or barred by the operating agreement, from arguing the patent's invalidity. Specifically, GemShares says that the 513 patent is a critical asset upon which the company's vitality depends in significant part and that Lipton's fiduciary and contractual duty of loyalty to GemShares precludes him from arguing that this asset is, for all practical purposes, worthless.

    Defendants, in turn, contend that GemShares' argument is legally infirm. They rely upon the Supreme Court's elimination of the doctrine of licensee estoppel, which formerly barred a licensee under a patent from arguing the patent's invalidity. *See Lear, Inc. v. Adkins*, 395 U.S. 653 (1969). Defendants say that public policy requires enabling a party sued for patent infringement to assert the patent's invalidity, irrespective of other legal interests and doctrines that might otherwise be claimed to give rise to an estoppel. But even after *Lear*, the Federal Circuit has upheld the doctrine of assignor estoppel, which precludes an inventor-assignor of a patent sued for infringement from arguing the patent's invalidity. *See Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1225-26

3

(Fed. Cir. 1988). And more generally, the Federal Circuit noted in *Diamond Scientific* that "despite the public policy encouraging people to challenge potentially invalid patents, there are still circumstances in which the equities of the contractual relationships between the parties should deprive one party (as well as others in privity with it) of the right to bring that challenge." *Id.* at 1225. That statement is potentially broad enough to cover the contractual and other relationships that GemShares has cited in this case as barring Lipton from arguing the invalidity of the alleged key asset of their venture.

Given these considerations, the Court is unpersuaded by defendants' contention that GemShares is legally precluded from asserting an estoppel or contractual bar to Lipton's invalidity argument arising from his fiduciary and contractual duties to GemShares. Whether those duties *actually* bar Lipton (and SWW as his alleged alter ego) in the way asserted by GemShares is another matter, and one the Court cannot adjudicate at this stage of the litigation—as it may depend on factual disputes that cannot be adjudicated at this point. The upshot is that the Court does not believe that it can appropriately decide defendants' invalidity challenge in the context of their motion to dismiss for failure to state a claim. The Court therefore declines to dismiss Counts 1 and 2, except to the extent they are premised on claims 7 through 11 of the 513 patent.

3. Defendants next contend that Lipton is not personally liable for patent infringement by SWW. The short answer to this is that GemShares adequately alleges in the amended complaint that Lipton knowingly induced SWW to infringe that patent and also that he is liable for infringement by SWW because that entity is his alter ego. Defendants' argument to the contrary is based entirely on affidavits and documentation

4

that they have submitted in support of their motion to dismiss. But defendants did not move for summary judgment; they moved to dismiss for failure to state a claim. Their reliance on materials outside the complaint is therefore misplaced.

4. Defendants' last set of arguments concerns count 3, the claim regarding ownership of the SWW patent application. Defendants argue that such claims may be made under federal law only regarding issued patents, not pending applications for patents. So what? Even if the claim cannot properly be claim grounded in federal law—an issue the Court need not adjudicate at this point—there is no question that GemShares may seek a declaration under state law that Lipton's contractual and fiduciary duties required him to assign his (and his alleged alter ego SWW's) interest in the application to GemShares.

Defendants also contend that Cormac Kinney, one of the other inventors-assignors of the SWW patent application, is a necessary party who must be joined under Federal Rule of Civil Procedure 19(a) in order for this Court to adjudicate count 3. Rule 19(a) says that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

GemShares says it is seeking only a declaration of the ownership of Lipton's and SWW's interests in the patent application and that as a result Kinney is not a necessary party. That plainly would be so were GemShares challenging only the ownership of Lipton's individual interest, but the inclusion of SWW complicates things a bit given Kinney's involvement in SWW. More specifically, the parties have alluded to litigation involving SWW, Kinney, and Lipton in federal court in New York, but they have glossed over what exactly that litigation involved and its impact, if any, on the present dispute. The Court has reviewed the trial judge's decision in the New York case, in which the judge appears to have determined that Kinney's assignment of his interest in the invention to SWW is rescinded and that he, along with SWW, is a co-owner of the application. *See Secured Worldwide, LLC v. Kinney*, No. 15-cv-1761, slip op. at 22 ¶ 121 (S.D.N.Y. Dec. 15, 2016). If, as appears to be the case, another court has in effect awarded Kinney an interest in the SWW patent application distinct from the interest of SWW in the application, then it would appear that adjudication in the present case of whether Lipton's and SWW's interests rightfully belong to GemShares would not affect Kinney's interests in any way. (There is no indication that the third inventor/assignor, Plourde, has challenged the effectiveness of his assignment.)

In sum, it appears that the Court can accord complete relief on count 3 among the existing parties and that doing so would not impair Kinney's interests in any way. The Court therefore declines to dismiss count 3 on this basis.

## Conclusion

For the reasons stated above, the Court dismisses counts 1 and 2 of plaintiff's

amended complaint to the extent they are premised on claims 7 through 11 of the 513 patent but otherwise denies defendants' motion to dismiss [dkt. no. 43]. The case remains set for a status hearing on February 12, 2018 at 9:30 a.m. Counsel should be prepared to set a discovery and pretrial schedule at that time.

Date: February 11, 2018

_____
MATTHEW F. KENNELLY
United States District Judge