# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEMSHARES LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17 C 6221 |
| ARTHUR JOSEPH LIPTON and SECURED WORLDWIDE, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

GemShares LLC moved for partial summary judgment on its breach of contract claim against Arthur Lipton, arguing that a prior decision by the U.S. District Court for the Southern District of New York precludes Lipton from relitigating his liability for breaching a covenant not to compete. This Court issued a decision in which it found that the earlier ruling had issue-preclusive effect but declined to rule on the motion because the parties had failed to discuss whether a ruling along the lines the Court made would entitle GemShares to summary judgment. *See GemShares LLC v. Lipton* (Issue Preclusion Ruling), No. 17 C 6221, 2019 WL 330470, at *5 (N.D. Ill. Jan. 25, 2019). The Court assumes familiarity with that decision.

The parties have submitted additional briefs addressing GemShares' entitlement to summary judgment in light of the Court's issue-preclusion ruling. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Martinsville Corral, Inc. v. Soc'y*

*Ins.*, 910 F.3d 996, 998 (7th Cir. 2018).  In ruling on a motion for summary judgment, the Court construes the evidence and draws all reasonable inferences in favor of the non-moving party.  *Lapre v. City of Chicago*, 911 F.3d 424, 430 (7th Cir. 2018).  The moving party is entitled to summary judgment if "no reasonable jury could find for the other party based on the evidence in the record."  *Martinsville Corral*, 910 F.3d at 998.

      The Court concludes that GemShares is entitled to summary judgment on the question of Lipton's liability for breach of contract.  Under Illinois law, which the parties agree governs this claim, a plaintiff alleging breach of contract must show that (1) a valid and enforceable contract exists, (2) the plaintiff substantially performed, (3) defendant breached the contract, and (4) damages resulted from the breach.  *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 886 (7th Cir. 2018).  The defendants do not dispute the validity or enforceability of the Operating Agreement, and the Court has already determined that Lipton is collaterally estopped from relitigating whether he breached the covenant not to compete.  *See* Issue Preclusion Ruling, 2019 WL 330470, at *5.  The defendants argue, however, that there are genuine disputes that preclude summary judgment regarding GemShares' performance and the damages caused by the breach.

      The defendants first argue that GemShares has failed to show that it performed its own obligations under the Operating Agreement.  For its part, GemShares points to Lipton's declaration describing the considerable time and expense GemShares devoted to developing its product. Lipton Decl., dkt. no. 21-1, ¶ 7.  As the parties opposing summary judgment, the defendants must "present specific facts establishing a material issue for trial, and any inferences must rely on more than mere speculation or

conjecture." *Giles v. Godinez*, No. 15-3077, 2019 WL 349423, at *5 (7th Cir. Jan. 29, 2019). They do not do so, instead offering only conclusory assertions. The defendants have not identified a single contractual obligation that GemShares has failed to fulfill, let alone provided evidence to support such an allegation. The defendants' reference to their "affirmative defense that Plaintiff breached its promises to induce Lipton to sign the Operating Agreement," Defs.' Resp., dkt. no. 185, at 3, is equally unavailing because it is devoid of any factual specifics. The Court therefore concludes that there is no genuine dispute regarding GemShares' substantial performance under the contract.

The defendants next argue that GemShares has failed to submit evidence that it suffered damages as a result of Lipton's breach. In fact, GemShares points to the ruling of the court in *Secured Worldwide, LLC v. Kinney*, No. 15 Civ. 1761 (S.D.N.Y. Dec. 15, 2016), in which the court found that Lipton used GemShares' intellectual property without the required license. The failure to pay for that license, GemShares argues, constitutes damages resulting from Lipton's breach. The defendants do not respond to this contention, nor do they cite evidence or make specific allegations that would suffice to create a genuine dispute regarding whether GemShares was damaged by the breach.

To be sure, GemShares has not yet met its burden to provide a "reasonable basis for computation" of its damages. *Assaf v. Trinity Med. Ctr.*, 821 F.3d 847, 848 (7th Cir. 2016). But because there is no genuine to dispute regarding the fact that GemShares suffered damages resulting from the breach, summary judgment on the question of liability is warranted, leaving for later determination what remedy is appropriate. *See MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd.*, No. 08 CV 0139,

2014 WL 3396114, at *4 (N.D. Ill. July 11, 2014) (noting that partial summary judgment on a breach of contract claim is appropriate even where the court must "defer[] to trial the issue of appropriate damages").

Finally, the defendants contend that GemShares has not made a sufficient showing to obtain certain forms of relief, including a permanent injunction and assignment of Lipton's interest in a patent application. These arguments are premature, as GemShares has not yet sought that relief in connection with its breach of contract claim.

For the foregoing reasons, the Court grants the plaintiff's motion for partial summary judgment [81] with respect to Lipton's liability for breach of contract, which is count 4 of GemShares' amended complaint.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 13, 2019